WASHBURN WIRE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21710.   Promulgated October 7, 1932.

*Harry W. Steele, Jr., Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, and *Arthur Clark, Esq.*, for the respondent.

OPINION.

ARUNDELL: In our prior opinion in this proceeding (26 B. T. A. 464) we held that for 1923 the tax due under the consolidated return filed by the petitioner and its subsidiaries should be apportioned to the reporting corporations on the basis of the net income properly assignable to each. We reached this conclusion from testimony of J. E. Hayward, petitioner's vice president and comptroller, who was the only witness produced by the petitioner. His testimony was, in effect, that no written agreement existed among the corporations for the assessment of the total tax against the petitioner.

After the promulgation of our report the respondent filed a motion to reopen the case for the purpose of introducing additional evidence bearing on the issue. The motion was supported by a copy of the consolidated return for 1923 and copies of information returns filed by the several subsidiary corporations. In these information returns the executing corporations stated that none of the tax found to be due on their net income should be assessed against them, thereby disclosing that for 1923 there existed evidence in all essential respects the same as that introduced by the respondent for 1922, from which we reached the conclusion that an agreement existed for the assessment of the total tax against the petitioner.

At the hearing had September 8, 1932, on the motion it was shown to our satisfaction that the circumstances were extraordinary and that denial of the motion would result in a clear case of injustice. Accordingly, for good cause shown, the motion was granted.

At the rehearing the returns for 1923 referred to above were placed in evidence, thus making the facts the same for each year. It follows that our conclusion as to the liability of the petitioner for 1923 must be the same as that reached for 1922. We accordingly hold that any deficiency under the consolidated return filed for 1923 should be assessed against the petitioner.

The notice of deficiency determined in an audit of the consolidated return filed for 1923 was mailed to the petitioner, the parent corporation, in 1926. Thereafter in 1928 deficiency notices in the respective amounts of $1,775.94 and $8,295.73 were sent to the Wash-

burn Wire Company of New York. and the American Electrical Works, two of the corporations which had joined in the consolidated return. The deficiencies determined against the subsidiary corporations were based upon the net income properly assignable to each, and were subsequently paid. In its petition the petitioner claimed the right to have the taxes paid by its subsidiaries credited against the deficiency involved here in case we held it to be liable for the tax of the affiliated group. It was not necessary to answer the question in our previous opinion because of the conclusion reached that no agreement existed for the payment of the total tax by the petitioner.

Where corporate taxpayers are affiliated and report on a consolidated basis the income of the group is determined as a whole and the tax computed on that sum. The amount thus arrived at is the tax of the several companies, and it may be satisfied either by the companies separately, on the basis of the net income of each, or by any of the members of the group as they may agree. However it may be allocated among the members, the discharge of the liability, whether by one or more of the group, should serve to release from liability all members of the group. Where, as here, it is found that the parent company is liable for the tax, a payment of a part thereof by a subsidiary should be regarded as *pro tanto* satisfaction of the parent's liability for the tax on the income of the group. Specifically, any deficiency found to be due in the recomputation of the tax for 1923 should be credited with the sum of $10,071.67 on account of the payments made by the Washburn Wire Company of New York and the American Electrical Works.

Our prior opinion is modified to the extent indicated above.

*Decision will be entered under Rule 50.*